865 F.2d 1262
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Donald WIRTH, Plaintiff-Appellant,
v.
SOCIAL SECURITY ADMINISTRATION; Nelson Sabatini, As
Associate Commissioner, Office of Management Budget
Personnel; Robert McClearnan, As Deputy Associate
Commissioner, Office of Budget Personnel; Larry Nassanari,
Director, Office of Human Resources and Agency Privacy
Officer; Lynette Kobayashi, Director of Office of Training,
Gerald Burton, Division Director, Division of General
Training; Barbara Beckley, Deputy Director, Division of
General Training; Richard Parisi, Director of the Division
of Adverse Actions; Allen Dunham, Agency Representative,
Division of Adverse Actions; Social Security
Administration, Woodlawn, Baltimore County, Maryland,
Defendants-Appellees.
 No. 88-2061.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 26, 1988.
Decided: Dec. 15, 1988.
 
 William D. Glasgow, Glasgow & Strum, P.A., on brief, for Appellant.
 Breckinridge L. Willcox, United States Attorney, Gary P. Jordan, First Assistant United States Attorney; Timothy M. White, Chief, Litigation Branch, Office of the General Counsel, United States Department of Health & Human Services, on brief, for appellees.
 Before WIDENER, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Donald Wirth appeals from the grant of summary judgment to the Social Security Administration (the Administration) in his action under the Privacy Act of 1974, 5 U.S.C.A. Sec. 552a (West 1977 & Supp.1988). We affirm.
 
 
 2
 In 1983 Wirth, an employee of the Administration, was demoted due to misconduct. He unsuccessfully appealed the demotion under the Civil Service Reform Act[1] to the Merit Systems Protection Board (the Board) and ultimately to the United States Court of Appeals for the Federal Circuit. Wirth v. Social Security Administration, No. 84-1707 (Fed.Cir. Feb. 22, 1985) (unpublished). Wirth then instituted this action under the Privacy Act, alleging that his personnel file contained inaccurate, incomplete, and untimely records. He sought reinstatement with back pay, expungement of the records, and damages. The district court granted summary judgment in favor of the Administration, holding that it had no jurisdiction to review Wirth's demotion or to reinstate him, with or without back pay, and that Wirth had failed to show a causal nexus between the allegedly improperly maintained records and the demotion.
 
 
 3
 The Privacy Act provides that when an agency refuses to amend inaccurate, irrelevant, untimely, or incomplete portions of an individual's record, the individual may institute an action in district court for amendment. 5 U.S.C.A. Sec. 552a(g)(1)(A), (2)(A). An action may also be brought for actual damages when an agency intentionally or willfully fails to properly maintain an individual's records which results in adverse action against the individual. 5 U.S.C.A. Sec. 552a(g)(1)(C), (4).
 
 
 4
 The district court properly determined that it lacked jurisdiction under the Privacy Act to consider Wirth's claim for reinstatement with back pay. The Civil Service Reform Act provides the exclusive remedy for federal employees challenging personnel decisions and the only forum for judicial review is the Court of Appeals for the Federal Circuit. Pinar v. Dole, 747 F.2d 899, 913 (4th Cir.1984), cert. denied, 471 U.S. 1016 (1985); 5 U.S.C.A. Sec. 7703(b)(1) (West 1980 & Supp.1988). A federal employee cannot use the Privacy Act to circumvent the Civil Service Reform Act and collaterally attack a personnel decision. Hubbard v. EPA, 809 F.2d 1, 5 (D.C.Cir.1986).
 
 
 5
 To recover damages under the Privacy Act, a plaintiff must establish that improperly maintained records resulted in an adverse agency decision. Since both the Board and the Federal Circuit found that Wirth suffered no harm from the records, the district court properly granted summary judgment on the claim for damages. Finally, the agreement of the Administration to destroy the contested records mooted the claim for expungement.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 The Civil Service Reform Act of 1978, Pub.L. No. 95-454, 92 Stat. 1111 et seq. (codified as amended in scattered sections of 5 U.S.C.)